# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN GADRA, | CV. No. 4:10-CV-236 |
| Plaintiff | |
| | (Judge Muir) |
| v. | |
| | (Magistrate Judge Carlson) |
| C.O. 1 EISWERTH, et al., | |
| Defendants | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a request for an order appointing counsel for the Plaintiff, a *pro se* litigant. (Doc. 7) The Plaintiff, a state inmate, has asked the Court to appoint counsel at the outset of this case before Gadra has even completed the paperwork necessary to proceed *in forma pauperis*. The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58.

The exercise of this discretion, however, is guided by certain basic principles. <u>Gordon v. Gonzalez</u>, 232 F. App'x. 153, 156 (3d Cir. 2007),

In <u>Tabron</u>, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Id.</u> at 155-57. In <u>Parham</u>, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Our initial analysis of these factors suggests that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to assess the first benchmark standard we must address, the question of whether the Plaintiff's claims have arguable merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to conduct this threshold merits analysis.

Moreover, while the Plaintiff doubtless faces some obstacles in bringing this action, to date the Plaintiff has demonstrated an ability to effectively present his own case, advancing his claims in a clear, concise, and intelligent manner. In addition, this case does not appear to present difficult and complex legal issues. Furthermore, the actual investigation that the Plaintiff has to do is minimal, since the pleadings show that the plaintiff is fully aware of the bases for these claims against the Defendants. Finally, while the case may, in part, turn on credibility determinations between Plaintiff and others, the case likely will not require extensive expert witness testimony. Taking all of these factors into account we believe that the application of these factors weighs against the appointment of counsel at this time.

Accordingly, for the foregoing reasons we will **DENY** this request to appoint counsel (Doc. 7), at this time without prejudice to re-examining this issue as this litigation progresses.[1]

SO ORDERED, this 11th day of February, 2010.

*S/Martin C. Carlson*
**United States Magistrate Judge**

---

[1] To the extent that the Plaintiff is also asking for an order directing access to prison law libraries, we will defer any further action on this request until the Defendants are served, and retain counsel, in this case. Deferring action in this way will no prejudice the Plaintiff since he will still have ample opportunity to do legal research on these claims, once the Defendants are served and represented by counsel.